UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON CLARKE, et al.,

    Plaintiffs,

v.

THE KRAFT HEINZ COMPANY,

    Defendant.

Case No. 21-cv-02437-RS

**ORDER GRANTING MOTION TO TRANSFER**

## I. INTRODUCTION

This case arises from Plaintiffs' allegation that Kraft Macaroni & Cheese, manufactured by Defendant The Kraft Heinz Company ("Kraft"), contains harmful substances called phthalates. Kraft, which maintains a principal place of business in Chicago, now moves to transfer this action to the Northern District of Illinois where a substantially similar action is pending. For the reasons set forth below, the motion is granted.

## II. BACKGROUND

This case was filed on April 5, 2021, one day before the action pending in the Northern District of Illinois, *Stuve v. The Kraft Heinz Company*, No. 1:21-cv-01845. When Kraft moved to transfer this case on June 22, 2021, both actions purported to bring claims on behalf of a nationwide class. A few days before filing their opposition, however, Plaintiffs amended their complaint and narrowed their claims. They now seek only to represent a California class. The *Stuve* plaintiffs similarly amended their complaint to excise claims premised on a nationwide class; they now bring claims on behalf of a 10-state class. Two other putative class actions assert

claims against Kraft related to phthalates: *Francione v. Kraft Heinz Foods Company*, No. 1:21-cv-10928 in the District of Massachusetts and *Tarantino v. The Kraft Heinz Company*, No. 2:21-cv-04013 in the Eastern District of New York. Kraft avers it is "in the process of seeking to transfer all of these cases" to the Northern District of Illinois. Reply at 1.

### III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer venue requires courts to balance, among other factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Walters v. Famous Transps., Inc.*, 488 F.Supp.3d 930, 936 (N.D. Cal. 2020). None of the factors are dispositive. *Ctr. for Biological Diversity v. Kempthorne*, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org. Inc. v Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Whether to transfer is left to the discretion of the district court. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."). The moving party bears the burden of demonstrating transfer is warranted. *Id.*

### IV. DISCUSSION

District courts "must consider both private factors, which go to the convenience of the parties and witnesses, and public factors which go to the interests of justice." *Daie v. Intel Corp.*, 2016 WL 641646, at *2 (N.D. Cal. Feb. 18, 2016) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Because more of the factors weigh in favor of transfer, the motion is granted.[1]

---

[1] Both sides agree the action could have been brought in the Northern District of Illinois.

**A. Private Factors**

The first four, so-called "private factors" weigh the Plaintiffs' choice of forum against the convenience to parties and witnesses and the ease of access to evidence. On balance, the private factors tip slightly in Plaintiffs' favor.

Generally, a plaintiff's choice of forum receives considerable deference, and a defendant must make a "strong showing of inconvenience to warrant upsetting" that choice. *Decker*, 805 F.2d at 843. Though the choice is discounted in the class action context, it is still entitled to deference when plaintiffs reside, or purchased the relevant products, in the district in which the action is brought. *Alul v. Am. Honda Motor Co., Inc.*, 2016 WL 7116934, at *2 (N.D. Cal. Dec. 7, 2016). "Such deference is warranted because the named Plaintiffs . . . will 'bear a great deal of responsibility[.]'" *Id.* While they do bring class claims, both Plaintiffs reside in this district and contend they purchased Kraft Macaroni & Cheese from stores in this district. Their choice is thus entitled to some deference. The first factor weighs in their favor.

The convenience factors, on the other hand, are neutral. Kraft is a Delaware corporation co-headquartered in Chicago, Illinois and Pittsburgh, Pennsylvania. Where "the gravamen of [the] case is whether Defendant made false and misleading statements in advertising, Defendant's employees responsible for the creation and approval of these advertisements will be key witnesses[.]" *Alesia v. Gojo Industries, Inc.*, 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020). In this case, all relevant "marketing, research and development, [and] corporate quality" decisions emanated from Kraft's Chicago headquarters, which suggests most of witnesses, and relevant evidence, are located in the Northern District of Illinois. Motion at 5. Yet "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Alul*, 2016 WL 7116934, at *4. The inconvenience of transferring relevant evidence is similarly not dispositive where, in the digital age, "ease of access is neutral given the portability of [electronic discovery]." *Id.* at *5. Kraft does not indicate it intends to call any non-employee witnesses or foresees producing, or paying for the transfer of, a significant amount of non-electronic discovery. It is furthermore inarguable that a

large corporation like Kraft is much better situated to bear the costs of travel and production than individual plaintiffs. Thus, while it would ease the potentially heavy production burden on Kraft to transfer the case, there is a possibility doing so would simply, and improperly, "shift the inconvenience from one party to another." *See Dubose v. Bristol-Myers Squibb Co.*, 2017 WL 2775034, at *5 (N.D. Cal. June 27, 2017).

### B. Public Factors

"In determining whether the interests of justice favor transfer, courts look primarily at considerations of judicial economy[.]" *Zut v. Harrah's Entm't, Inc.*, 2013 WL 5442282, at *3 (N.D. Cal. Sept. 30, 2013). The last four factors (familiarity with the applicable law, feasibility of consolidation, local interest in the controversy, and the relative court congestion) guide this inquiry. Because transferring the case would increase the chances of consolidation while decreasing the potential for inconsistent verdicts, the public factors weigh markedly in favor of transfer.

Both courts are equally capable of applying the applicable law and rightfully interested in the outcome of the case. Though Plaintiffs now seek to represent only a California class and federal courts sitting in California undoubtedly grapple with California law most extensively, "federal courts are deemed capable of applying the substantive law of other states." *See Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014); *see also Bloom v. Express Servs., Inc.*, 2011 WL 1481402 ("Because a district court in Oklahoma would be equally able to interpret California state law as this Court, this factor is neutral with respect to transfer."). This factor is thus "accorded little weight." *See Rabinowitz*, 2014 WL 5422576, at *7. Both venues are similarly interested in adjudicating this dispute. On one hand, California has a strong interest in enforcing its laws to protect its residents. On the other, Illinois has a countervailing interest in adjudicating disputes involving companies headquartered there. Yet "[d]istrict courts regularly apply the law of states other than the forum state" and principles of federalism require confidence that a federal court in Illinois will interpret California's laws to protect its citizens to the same extent a federal court in California would. *See id*. Illinois's

territorial interests are also offset where, as here, the named plaintiffs live and purchased the relevant products in California. *See Alul*, 2016 WL 7116934, at *5.

The public factors scale is thus tipped most strongly by the possibility of consolidation, which weighs heavily in favor of transfer because the *Stuve* action is already pending in the Northern District of Illinois. While Kraft does not set forth the criteria for relation or consolidation in that district, it is not unreasonable to assume that the disposition of two, or potentially four, cases revolving around the alleged presence of phthalates in Kraft Macaroni & Cheese will be coordinated in some way. It would waste judicial resources for multiple courts to become intimately familiar with the same nucleus of facts only perhaps to contradict one another on the law. Plaintiffs make the logically tenuous counterpoint that because one action is pending here and one is pending in the Northern District of Illinois, there is equal justification for keeping or transferring the case. There is, however, no way to reap the benefits of consolidation if this action remains here. Because this factor weighs strongly in favor of transfer and the private factors weigh only slightly in Plaintiffs' favor, the motion is granted.

## V. CONCLUSION

For the reasons set forth above, the motion to transfer this case to the Northern District of Illinois is granted.

**IT IS SO ORDERED**.

Dated: September 8, 2021

_____
RICHARD SEEBORG
Chief United States District Judge